## BOSTWICK v. TURNER CONST. CO. et al.

(Circuit Court of Appeals, Fifth Circuit. January 6, 1922.)

No. 3738.

Depositaries ☞4—Decree adjudging construction contract void did not justify depositary of fund guarantying performance in paying fund to owner.

    Where a contract between a construction company and a terminal company provided that 15 per cent. of value of work and material should be paid by the terminal company to a bank to hold as a guaranty of performance by the construction company, a decree in a suit by the construction company on the contract, merely adjudging it void, and not passing on the rights to the guaranty fund, *held* not to justify the bank in paying the deposit to the terminal company.

Appeal from the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

Bill by William M. Bostwick, Jr., against the Turner Construction Company and others, to enjoin prosecution of a suit at law. Suit removed to the federal court, motion for remand overruled, a temporary injunction denied, and complainant appeals. Affirmed.

Maynard Ramsey, of Jacksonville, Fla., for appellant.

J. T. G. Crawford, F. P. Fleming, and Sam R. Marks, all of Jacksonville, Fla., for appellees.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. To a bill of complaint filed in September, 1913, by the Turner Construction Company against the Union Terminal Company and others, to recover a judgment upon a contract for the construction of a building for said Terminal Company and to enforce a lien upon said building, said Terminal Company filed an answer, alleging that said Construction Company, being a foreign corporation, had failed to comply with the statutes of Florida requiring the procuring of a license by such foreign corporation before doing

business in the state, rendering all contracts of such corporation not so complying void. A decree was rendered in said case, holding said contract to be null and void, and dismissing said bill. Upon an appeal to the United States Circuit Court of Appeals for the Fifth Circuit, said decree was reversed, upon the ground that after entering into said contract said Construction Company had duly complied with the law of Florida, and that a new contract had been thereafter entered into for the construction of said building, which had adopted the terms of the previous contract.

By an agreement of December 3, 1912, it was stipulated that 15 per cent. of the value of the work performed and· materials furnished should be retained as a guaranty for the faithful performance of said contract by the Construction Company until 30·days after completion of said contract of construction, said 15 per cent. to be deposited in the joint names of the Construction Company and the Terminal Company with the Barnett National Bank of Jacksonville, Fla. During the progress of the bill in equity filed to enforce said lien a second suit in equity was filed in said United States District Court by the Construction Company against the same defendants, seeking to recover as on a quantum ·meruit for the construction of said building, and to enforce said lien. When said appeal was taken (February 27, 1915) from the decree dismissing said first bill in equity, this second suit was stayed pending the decision on said appeal.

On December 4, 1914, said Terminal Company notified said bank of the decree of said District. Court, dated September 2, 1914, holding said construction contract to be null and void, and demanded of said Construction Company payment of said sums deposited with said bank under the agreement of December 3, 1912. The bank declined to make said payment unless and until the Terminal Company should give it security to hold it harmless by reason of said payment being improperly made. Whereupon, on the 22d of December, 1914, the Terminal Company, with William M. Bostwick, Jr., as its surety, executed to the Barnett National Bank its bond, in the sum of $40,000, conditioned to save, defend, keep harmless, and indemnify said bank against all losses, charges, damages, attorney's fees, expenses, suits, judgments, and decrees, which it might sustain, or be put to, because of having paid to said Terminal Company the amounts on deposit, to wit, $20,219.98. Said bond also contained a provision that, if any suit should be brought against said bank, a copy thereof should be mailed to said Bostwick, and he should be permitted to defend the same in the name of the bank, but without expense to it.

By subsequent proceedings in the suit in equity first filed by the Construction Company a decree was rendered adjudging the amount due, and by proceedings further had in said case it was finally decreed that the Construction Company was entitled to the said sum of $20,-219.98, being the amount deposited with the Barnett National Bank under said deposit agreement above mentioned, and the Construction Company and the Terminal Company were ordered to join in a check to the Construction Company on said Barnett National Bank for the payment of .said money, which was done. Upon presentation of said

check the bank refused to pay the same, upon the grounds that it had paid said money previously to the Terminal Company at a time when, said decree holding said construction contract to be null and void, and dismissing the bill to recover thereon, remained unappealed from.

Thereafter, in March, 1918, said Construction Company brought its action at law, in the United States District Court for the Southern District of Florida, against said bank to recover said sum. Said bank defended said action, pleading that it was discharged by the payment of said money to said Terminal Company at a time when said decree of September 2, 1914, was in full force and effect and unappealed from. These pleas were upon demurrer held bad by the court and stricken. Thereupon William M. Bostwick, Jr., surety on said bond above mentioned, filed a bill in equity in the circuit court of Duval county, Fla., setting up the foregoing facts, and praying that the court enjoin said Construction Company, temporarily and permanently, from further prosecuting said suit at law. Said suit was removed into said United States District Court, and a motion to remand the same having been made and argued at the same time with a motion for a temporary injunction, the motion to remand was overruled, and the temporary injunction denied. An appeal is prosecuted to this court from the order denying the temporary injunction.

The sole question made and argued in this case is that Bostwick became surety on the bond given by the Terminal Company to the bank, relying upon the decree of September 2, 1914, which decree, at the time he became such surety, had not been appealed from, although the six months within which such appeal could be taken had not expired. That decree adjudged solely that the construction contract was void because, at the time it was originally made, the Construction Company had not qualified under the law of Florida to do business in said state, and refused to recognize the contract as subsequently remade by a new contract after said Construction Company had so qualified. No question was raised, and nothing was decided, as to the status of the 15 per cent. which had been earned under said contract and had been already paid into the bank to the joint order of the Construction Company and the Terminal Company.

The very reason for giving the bond was that the bank was not willing to rely upon the decree of September 2, 1914, as determining the right to said fund, and the contract as surety was entered into in order to protect the bank, if for any reason thereafter said decree should not be held to have disposed of said funds. This is quite a different case from that of the purchaser at a judicial sale had under a decree, which has not been superseded, and which is therefore operative, and where the selling officer is carrying out the express mandate of the decree. There the purchaser at such sale, even though the decree is subsequently reversed, takes title. Davis v. Gaines, 104 U. S. 386, 26 L. Ed. 757. Here there was no provision of the decree disposing of this fund. Here the bank declined to act upon said decree, and the express contract of the surety was to indemnify the bank for the payment of said fund, in the event it should be afterwards found that it was not disposed of by said decree. Clearly this contemplated a possible reversal of the decree, as well as that rights existed in the fund which were not dis-

posed of by the decree. We think, therefore, that the decision of the court in holding that the decree, when reversed, furnished no protection to the bank or its surety, is without error, and that the court did not err in striking the defenses in said suit at law, and in holding in this case that no right exists in Bostwick to an injunction. Thomas v. Town of Lansing (C. C.) 14 Fed. 618; Phelps v. Elliott (C. C.) 35 Fed. 455; 17 R. C. L. 1042; Clarey v. Marshall's Heirs, 4 Dana (Ky.) 95.

The bond on which Bostwick was surety contained a provision that, in event suit was brought against the bank for said funds, the bank would at once notify Bostwick, who could defend the same in the name of the bank at his expense. There is no allegation that Bostwick has not been notified of the suit at law. In the absence of averments to the contrary, it is fair to assume that this is the case, in which event Bostwick has the same opportunity of presenting the matters now set up in the bill as a defense thereto, and would be bound by the rulings and judgment of the court in the case at law. Lovejoy v. Murray, 3 Wall. 1, 18, 18 L. Ed. 129; Tootle v. Coleman, 107 Fed. 41, 45, 48, 46 C. C. A. 132, 57 L. R. A. 120. This would be a sufficient ground on which to deny the injunction sought.

As, however, the parties have fully argued the question whether the facts constitute a defense to the bank, or release Bostwick from his obligation as surety, and as we conclude that they do not, we prefer to rest the decision on this ground.

The decree of the District Court is affirmed.